UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Shapco Printing, Inc.,                        Case No. 0:21-cv-2155 (PAM/ECW)

        Plaintiff,

vs.                                                    **ORDER**

MKM Importers, Inc.,

        Defendant.

This matter is before the Court on the Defendant's unopposed Motion for Leave to File Underseal (Dkt. 15) pursuant to Local Rule 5.6(d) concerning documents filed under seal in relation to its Motion to Dismiss Count Two of the Plaintiff's Complaint with Prejudice as Well as Requests for Relief. In particular, Defendant seeks to keep under seal a Purchase Agreement (Dkt. 12) and its Memorandum of Law in Support of the Motion to Dismiss (Dkt. 11).[1] Defendant has filed redacted public versions of these documents. (*See* Dkts. 9, 10.)

## I.    LEGAL STANDARD

American courts "recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (footnote omitted); *see also Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) ("The common law right of public

---

[1]     While Defendant asserts that the documents were designated confidential under a proposed protective order filed with the Court (Dkt. 15 ¶ 1), no such document has been filed with the Court.

access to judicial documents is firmly rooted in our nation's history."); *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992) ("Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but is also the public's case.").  As the Eighth Circuit has held:

> There is a common-law right of access to judicial records. . . . This right of access bolsters public confidence in the judicial system by allowing citizens to evaluate the reasonableness and fairness of judicial proceedings, and "to keep a watchful eye on the workings of public agencies."  It also provides a measure of accountability to the public at large, which pays for the courts.

*IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013) (citations omitted).

"'This right of access is not absolute, but requires a weighing of competing interests.'" *Feinwachs v. Minn. Hosp. Ass'n*, No. 11-cv-8 (JRT/SER), 2018 WL 882808, at *3 (D. Minn. Feb. 13, 2018) (quoting *Webster Groves Sch. Dist. v. Pulitzer Pub. Co.*, 898 F.2d 1371, 1376 (8th Cir. 1990)).  According to the Eighth Circuit:

> Where the common-law right of access is implicated, the court must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed. . . . The decision as to access is one best left to the sound discretion of the trial court in light of the relevant facts and circumstances of the particular case.

*IDT*, 709 F.3d at 1223 (cleaned up); *see also Feinwachs*, 2018 WL 882808, at *3.

While Local Rule 5.6 does not explicitly set forth the applicable standard when determining if a document should remain sealed, the 2017 Advisory Committee Note to Rule 5.6 provides guidance similar to the Eighth Circuit in *IDT*, *supra*, by requiring this Court to balance parties' interests in maintaining the confidentiality of documents with the public's right of access:

> [P]arties have been filing too much information under seal in civil cases . . . . As a general matter, the public does not have a right of access to information exchanged in discovery; thus, protective orders are often quite broad, covering entire documents or sets of documents produced during discovery, even when most or all of the contents are not particularly sensitive. But the public does have a qualified right of access to information that is filed with the court. Even if such information is covered by a protective order, that information should not be kept under seal unless a judge determines that a party or nonparty's need for confidentiality outweighs the public's right of access.

D. Minn. LR 5.6(d) *advisory committee's note*.

It is important to emphasize that "'the weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and resulting value of such information to those monitoring the federal courts.'" *IDT*, 709 F.3d at 1224 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)) (citations omitted). When a document plays only a negligible role in a court's exercise of its Article III duties, such as a complaint, the public's interest in access to the document is weaker and "the weight of the presumption is low and amounts to little more than a prediction of public access absent a countervailing reason." *Id.* (quoting *Amodeo*, 71 F.3d at 1050). While the Eighth Circuit has not been explicit about what weight to give the presumption as it relates to documents filed in conjunction with summary judgment, in one of the decisions relied upon by the Eighth Circuit in *IDT*, *see* 709 F.3d at 1224, the Second Circuit concluded that the weight of the presumption of public access given to such documents is of the highest and such documents should not remain under seal unless compelling reasons exist. *See Lugosch*, 435 F.3d at 123 (citation omitted); *see also Krueger v. Ameriprise Fin., Inc.*, No. CV 11-2781 (SRN/JSM), 2014 WL 12597948, at *8-9 (D. Minn. Oct. 14, 2014), *aff'd*, 2015 WL

3

224705 (D. Minn. Jan. 15, 2015) (noting that while the Eighth Circuit has not explicitly defined what constitutes "judicial records," courts have held that information submitted in connection with a motion for summary judgment is integrally involved in the resolution of the merits of a case for which the presumption of public access attaches); *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 245 F.R.D. 632, 636 (D. Minn. 2007) ("The Court finds that Guidant and Duran have a heightened burden to overcome the presumptive right of the public to access of the briefs and supporting documents at issue because they were filed in support of and in opposition to motions for summary judgment.") (citation omitted).  The Court concludes that a similar heightened burden applies to situations when a court is called to rule on other dispositive motions, such as the present motion to dismiss.

Given this standard, the Court will proceed with analyzing the merits of the Defendant's motion.

## II.   ANALYSIS

A large majority of the Purchase Agreement has been redacted.  The only basis provided for keeping the redacted information under seal is that "MKM has a high interest in maintaining the confidentiality of the Purchase Agreement because it contains confidential and business terms that could erode its competitive edge if publicly disclosed."  (Dkt. 15 at 2 ¶ 3.)  Defendant also asserts that the memorandum is only redacted to the extent that it references the Purchase Agreement.  (*Id.*)

The Court notes that the Purchase Agreement appears to be a standard order form, with spots for the purchaser information, price, standard terms, and what was purchased.

While the Purchase Agreement has a confidentiality provision as part of what appear to be standard terms, outside of the pricing, the agreement does not appear to contain any sensitive information that this Court can discern based on its review. That said, the Court notes that Defendant has not redacted the pricing information found in the Purchase Agreement in the memorandum of law. (*See*, *e.g.*, Dkt. 9 at 2, 3, 4.)

Moreover, it is important to emphasize that Defendant is asking United States District Judge Paul A. Magnuson to dismiss Plaintiff's fraud claim, claim for recission, and claim for consequential damages based on the terms of the Purchase Agreement. (*See* Dkt. 11.) Defendant states that the Purchase Agreement "controls the transaction that is the subject of the instant lawsuit." (Dkt. 15 at 2 ¶ 1.) Given the minimal strength of the interests that Defendant seeks to protect, countered by the interest of the public to know the reasoning behind Judge Magnuson's decision on a dispositive motion and what evidence he considered, the Court finds that Defendant has not met the heightened burden to overcome the presumptive right of the public to access as to the Purchase Agreement, or the portions of the memorandum that discuss it.

### III.   ORDER

Based upon on the motion and the documents filed under seal, as well as all the files, records and proceedings herein, **IT IS ORDERED** that:

1.   Defendant's unopposed Motion for Leave to File Underseal (Dkt. 15) is **DENIED**.

2.   Docket Entries 11 and 12 shall be **UNSEALED** in accordance with the procedures set forth under Local Rule 5.6(d).

DATED: October 18, 2021                    *s/Elizabeth Cowan Wright*
                                                                          ELIZABETH COWAN WRIGHT
                                                                          United States Magistrate Judge